CLERK'S OFFICE U.S. DIST COUR
AT CHARLOTTESVILLE, VA
FILED

JUL 2 4 2009

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Petitioner, | ) | Civil Action No. 3:09-MC-00028 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| PAT T. TANNER, | ) | By: Hon. Norman K. Moon |
|     Respondent. | ) | United States District Judge |

On June 2, 2009, the Government filed a petition seeking to enforce a summons issued by the Internal Revenue Service ("IRS") (docket no. 1). The summons required Pat Tanner to appear before an IRS officer to testify and produce specified records and documents in connection with an investigation into Tanner's tax liability for several calendar periods dating as far back as December 31, 1994. Because Tanner failed to appear and produce the requested records and documents on the required date, the IRS filed a petition asking the Court to order Tanner to show cause why she should not be ordered to comply with the summons. Pursuant to 28 U.S.C. § 636(b)(1)(A), this matter was referred to U.S. Magistrate Judge B. Waugh Crigler on June 3rd (docket no. 2).[1]

On June 22nd, Tanner filed counterclaims against the Government (docket no. 5), arguing, among other things, that the Court lacks jurisdiction over this matter and that the Government lacks standing to enforce the IRS summons. Tanner also filed a "Motion for Summary Judgment" (docket no. 9) on July 20th – three days *after* the deadline established by Judge Crigler for filing any opposition to the Government's petition. In the Motion, Tanner asks the Court to dismiss the

---

[1] On June 3, 2009, Judge Crigler issued an order directing Tanner to appear before him on July 31st to show cause why the Court should not enforce the IRS summons served against her (docket no. 3).

Government's petition and the IRS summons on the grounds that the Government failed to file "any pleading raising any issue or opposition to the Counterclaim."[2]

## I. COUNTERCLAIMS

Tanner's counterclaims must be dismissed in their entirety. As to Tanner's first counterclaim, the Court clearly has jurisdiction over this matter pursuant to 26 U.S.C. §§ 7402(b) and 7604(a), and 28 U.S.C. §§ 1340 and 1345. Venue is also proper pursuant to 28 U.S.C. § 1396. Tanner resides in this judicial district in Unionville, Virginia, as evidenced by the fact that she: (1) was personally served with the petition by an IRS agent in Unionville, and (2) lists her address on the counterclaim as P.O. Box 191, Unionville, VA.

In the fifth counterclaim, Tanner appears to argue that the Government lacks standing to enforce the petition because the "United States of America" is labeled as the petitioner, but the "United States" is the real party in interest. This argument is obviously meritless, and the Government's standing to enforce IRS summonses is well-established. *See, e.g.*, 26 U.S.C. § 7604(b); *United States v. Equitable Trust Co.*, 611 F.2d 492 (4th Cir. 1979).

The remainder of Tanner's counterclaims are "so confusing as to be unintelligible" and "beyond understanding" (as described by the Government in its response brief). As such, they should be dismissed for lack of subject matter jurisdiction. The existence of subject matter jurisdiction depends upon the assertion of a substantial claim. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974); *Garraghty v. Virginia Retirement System*, 200 Fed. Appx. 209, 211 (4th Cir. 2006). "[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are

---

[2] Although Judge Crigler will dispose of the Government's petition pursuant to the referral order, I will dispose of Tanner's counterclaims and Motion for Summary Judgment, as they are dispositive matters. Because the facts and legal contentions are adequately presented in the materials before the Court, I decline to hold a hearing on the counterclaims and the Motion.

2

so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion." *Hagans*, 415 U.S. at 536-37 (internal quotation marks & citations omitted); *see also Davis v. Pak*, 856 F.2d 648, 651 (4th Cir. 1988) (federal courts are precluded from exercising jurisdiction when the only federal claim is obviously meritless). Rule 12 authorizes the district court to dismiss a "patently insubstantial complaint . . . for want of subject-matter jurisdiction." *Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Furthermore, the court has an independent obligation to evaluate, *sua sponte*, its subject matter jurisdiction if it is in doubt. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977); *see also Apple v. Glenn*, 183 F.3d 477, 479-80 (6th Cir. 1999) (finding that complaint may be dismissed *sua sponte* "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion").

Principles requiring generous construction of pro se pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir.1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir.1988). District courts are not required "to conjure up questions never squarely presented to them." *Beaudett*, 775 F.2d at 1278.

Even applying the liberal pro se standard of review, the remainder of Tanner's counterclaims are frivolous and should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ.

3

P. 12(h)(3). *Hagans*, 415 U.S. at 536-37 (citations omitted); *Neitzke*, 490 U.S. at 327 n.6. To the extent the counterclaims possibly could be combed to find a claim that is non-frivolous, a court is not obliged to ferret through a complaint, searching for viable claims. *See Holsey v. Collins*, 90 F.R.D. 122 (D. Md.1981) (although pro se complaint contained potentially viable claims, the court properly dismissed without prejudice under Fed. R. Civ. P. 8 since voluminous, repetitive, and conclusory complaint is not a "short and plain statement" of facts and legal claims; the court specifically observed that dismissal under Rule 8 was proper because such a complaint "places an unjustifiable burden on defendants to determine the nature of the claim against them and to speculate on what their defenses might be," and "imposes a similar burden on the court to sort out the facts now hidden in a mass of charges, arguments, generalizations and rumors"); *see also Spencer v. Hedges*, 838 F.2d 1210 (4th Cir. 1988).

## II. MOTION FOR SUMMARY JUDGMENT

Tanner's "Motion for Summary Judgment" should also be denied. As noted above, the Motion is untimely because it was not filed with the clerk or served on counsel for the Government at least fourteen days in advance of the scheduled July 31, 2009 hearing before Judge Crigler. Furthermore, the only reason offered by Tanner for the entry of summary judgment is that the Government failed to file "any pleading raising any issue or opposition to the Counterclaim." In reality, the Government filed its response to the counterclaims on June 29th (docket no. 8). To the extent that Tanner seeks summary judgment on the counterclaims, which for the reasons already stated are to be dismissed, her Motion is denied.

To the extent that Tanner seeks summary judgment on the Government's petition, her Motion should also be denied. As set forth in the Government's response to Tanner's Motion (docket no.

4

10), Tanner has failed to carry her burden of refuting the presumption that the IRS summons is valid based on the agent's declaration, which satisfies the four elements for a valid summons. *See United States v. Powell*, 379 U.S. 48, 57-58 (1965). Because the Government has set forth a prima facie case for the enforcement of the summons, Tanner has the "heavy burden" of showing "that enforcement would be an abuse of process." *Alphin v. United States*, 809 F.2d 236, 237-38 (4th Cir. 1987) (citations and quotations omitted). Because Tanner has failed to offer any specific or relevant facts in her Motion that would even support a conclusion that enforcement of this petition would be an abuse of process, she is clearly not entitled to summary judgment.

An appropriate Order dismissing Tanner's counterclaims and denying the Motion for Summary Judgment will follow. The Clerk is directed to send copies of this Memorandum Opinion and accompanying Order to Tanner and to all counsel of record.

Entered this 24th day of July, 2009.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE