CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

AUG 0 3 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Petitioner, | ) | Civil Action No. 3:09-MC-00028 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| PAT T. TANNER, | ) | By: Hon. Norman K. Moon |
| Respondent. | ) | United States District Judge |

On June 2, 2009, the Government filed a petition seeking to enforce a summons issued by

the Internal Revenue Service ("IRS") (docket no. 1). The summons required Pat Tanner to appear

before an IRS officer to testify and produce specified records and documents in connection with an

investigation into Tanner's tax liability for several calendar periods dating as far back as December

31, 1994. Because Tanner failed to appear and produce the requested records and documents on the

required date, the IRS filed a petition asking the Court to order Tanner to show cause why she

should not be ordered to comply with the summons. Pursuant to 28 U.S.C. § 636(b)(1)(A), this

matter was referred to U.S. Magistrate Judge B. Waugh Crigler on June 3rd (docket no. 2).[1]

On June 22nd, Tanner filed counterclaims against the Government (docket no. 5), arguing,

among other things, that the Court lacked jurisdiction over this matter and that the Government

lacked standing to enforce the IRS summons. Tanner also filed a "Motion for Summary Judgment"

(docket no. 9) on July 20th, asking the Court to dismiss the Government's petition and the IRS

summons on the grounds that the Government failed to file "any pleading raising any issue or

opposition to the Counterclaim." In a Memorandum Opinion and Order (docket nos. 11, 12) dated

July 24th, I dismissed Tanner's counterclaims and denied her Motion for Summary Judgment.

---

[1] On June 3, 2009, Judge Crigler issued an order directing Tanner to appear before him on July 31st to show cause why the Court should not enforce the IRS summons served against her (docket no. 3).

Tanner then filed a "Motion to Continue or Dismiss this Case (Quash the Summons) Until the 'Legal Duty' is Disclosed" (docket no. 13), which Judge Crigler summarily denied in an Order dated July 20th (docket no. 15). Tanner promptly filed a "Notice of Interlocutory Appeal" (docket no. 16) of this Court's July 24th Order and Opinion as well as Judge Crigler's July 30th Order. As scheduled, Judge Crigler held the show cause hearing on July 31st and entered an Order compelling Tanner to comply with the IRS Summons (docket no. 22) and setting a status conference in Charlottesville for August 18th. Also on July 31st, Tanner filed the instant "Motion to Rule on Docket 15 ORDER by Magistrate Crigler by Judge Norman K. Moon" (docket no. 24). In the Motion, Tanner appears to request that the Court render a final order on her previous "Motion to Continue or Dismiss this Case (Quash the Summons) Until the 'Legal Duty' is Disclosed" for the purposes of pursuing her appeal. She reiterates the same arguments articulated in her Motion to Continue/Dismiss: that there is no legal duty for her to either file federal individual 1040 income tax returns or produce the books and records requested in the IRS summons that the United States seeks to enforce.

I affirm Judge Crigler's Order denying Tanner's requests to continue and/or dismiss the IRS case against her. As an initial matter, Tanner's Motion to Continue/Dismiss should have been summarily denied because it was not filed with the clerk of court and served on counsel for the United States at least fourteen days prior to the July 31, 2009 hearing date as required by Judge Crigler's June 3, 2009 Order. Furthermore, *Cheek v. United States*, 482 U.S. 192 (1991), which Tanner primarily relied on in her Motion to Continue/Dismiss, is irrelevant to this case. In *Cheek*, the Supreme Court held that the *mens rea* requirement of "willfulness" necessary for a *criminal* defendant to be convicted of criminal tax fraud "requires the Government to prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and

2

intentionally violated that duty." *Id.* at 201. Because *Cheek* pertained to criminal *mens rea*, it is irrelevant to the United States' authority to pursue a *civil* summons requiring Tanner to produce income tax documentation to the IRS. Because the United States has fully complied with the requirements for the enforcement of an IRS summons as set forth in *United States v. Powell*, 379 U.S. 48 (1964), Tanner can offer no plausible grounds for continuing or dismissing the case against her. Accordingly, I will affirm Judge Crigler's July 30, 2009 Order.

The Clerk is directed to send copies of this Memorandum Opinion and accompanying Order to Tanner and to all counsel of record.

Entered this ⁣3rd⁣ day of August, 2009.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

3