CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

AUG 1 9 2009

JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 3:09MC00028 |
| Petitioner, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| PAT T. TANNER, | ) | |
| Respondent. | ) | |
| | ) | By: B. WAUGH CRIGLER |
| | | U.S. MAGISTRATE JUDGE |

In accordance with an order entered August 8, 2009, the respondent was directed to appear before the IRS and respond to the summons heretofore issued by the IRS, and the matter was scheduled for a status conference with the court immediately following the ordered appearance. At the appointed time, the parties appeared before the court and the petitioner, by counsel, informed the court that while respondent appeared as directed, she declined to provide to the IRS agent the information sought in the summons.

The undersigned then took evidence from the designated agent who informed the court that, when respondent appeared, she was accompanied by a Mr. Schneider, and possessed a tape recorder which had been turned "on." An exchange occurred in which the agent informed respondent that she was not entitled to lay representation, and that recording devices were to be turned on simultaneously at the beginning of the interview. The agent also testified that either or both respondent and Schneider challenged the authority of the IRS to conduct the proceedings and presented prior tax returns together with a "packet" of documents which was introduced at the hearing as Government Exhibits 1 and 2. After this exchange, which the agent indicated was

"brief," respondent refused to provide any information sought in the summons, and proceeded to exit the room leaving behind the "packet." According to the agent, this exchange lasted some three to four minutes.

On cross examination by respondent, the agent denied knowledge of any records provided by her to the IRS during a prior criminal investigation. In fact, the agent was not aware that respondent had been under criminal investigation, was not aware that charges had not been brought, and was not aware of any details surrounding that investigation. She also testified that she never before had seen the "Declaration of Facts" which accompanied the "packet" left by respondent when she appeared earlier that day at the IRS office. The agent affirmatively stated, however, that the respondent's returns were not supported by any documentation, as a result of which, no adjustments could be made to the assessments and levies theretofore made by the Internal Revenue Service.

The undersigned then gave the respondent an opportunity to explain why she had conducted herself the way she did, eventually terminating her appearance before the IRS. She did little more than relate her experiences in a criminal investigation. She offered no justifiable reason for either failing to provide responses to the summons or terminating her appearance.

At this point, there was no question in the undersigned's mind that respondent was in contempt of the court's order directing her to appear and give answer consistent with the IRS summons. Moreover, respondent had conducted herself in a way to justify summary confinement of a recalcitrant witness under 28 U.S.C. § 1826 until she provided testimony and answers to an inquiry under the summons. In lieu thereof, however, the undersigned gave the government and the respondent an opportunity to pose and answer questions in open court before the undersigned. Both agreed, and questions were posed and answers given.

At the conclusion of the examination, the government informed the court that respondent had provided the information sought under the current summons to its current satisfaction, that respondent could be discharged from any further obligation under that summons and the action could be dismissed.

Accordingly, it is

RECOMMENDED

that an order enter DISCHARGING the respondent from further obligations to provide responses under the current summons and DISMISSING this action from the docket of the court.[1]

The Clerk is directed to send a certified copy of this Report and Recommendation to the presiding District Judge, to all counsel of record and to Pat T. Tanner (a/k/a Pat Payne or Patsy Payne) at Post Office Box 191, Unionville, Virginia 22567.

ENTERED: /s/ 
U.S. Magistrate Judge

08-19-09
Date

---

[1] This is not intended to suggest that respondent is discharged from obligations under any future summons, or that she is to be considered relieved of any obligation to satisfy any assessment which have been levied against her by the IRS.